

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:90CR112

KENNETH SPEIGHT

## MEMORANDUM OPINION

Kenneth Speight, a federal inmate proceeding pro se, submitted this successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 16). Speight argues that in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), his convictions pursuant to 18 U.S.C. § 924(c) are unconstitutional. (Id. at 5.)[1] The Government has responded. (ECF No. 21.) Speight has replied. (ECF No. 22.) For the reasons set forth below, the Court will deny Speight's § 2255 Motion as barred by 28 U.S.C. § 2255(h)(2).

### I. PROCEDURAL HISTORY

On December 4, 1990, a grand jury charged Speight with one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count One); two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (Counts Two and Four); and two counts of use of a firearm during a felony,

---

[1] The Court utilizes the pagination assigned to Speight's § 2255 Motion by the CM/ECF docketing system.

in violation of 18 U.S.C. § 924(c)(1) (Counts Three and Five). (Indictment 1-7, ECF No. 1.) On March 26, 1991, a jury found Speight guilty of all five charges. (ECF No. 47, at 1.) On May 31, 1991, the Court entered judgment against Speight and sentenced him to the following:

> SIXTY (60) MONTHS on Count One; ONE HUNDRED TEN (110) MONTHS on each of Counts Two and Four, to run concurrently with Count One and consecutively to Counts Three and Five; SIXTY (60) MONTHS on Count Three, to run consecutively to Counts One, Two, and Four; and TWO HUNDRED FORTY (240) MONTHS on Count Five, to run consecutively to Counts One, Two, Three, and Four.

(J. 2, ECF No. 62.) On August 18, 1992, the United States Court of Appeals for the Fourth Circuit affirmed Speight's convictions and sentence. United States v. Speight, Nos. 91-5583, 91-5584, 1992 WL 198089, at *4 (4th Cir. Aug. 18, 1992).

On April 27, 1993, Speight filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 79.) By Memorandum Opinion and Order entered on March 4, 1994, the Court denied Speight's § 2255 motion. (See ECF Nos. 108, 109.)

On July 22, 2013, Speight filed a Motion for Re-Sentencing. (ECF No. 3.)[2] By Memorandum Order entered on November 18, 2014, the Court construed Speight's Motion to be a motion pursuant to

---

[2] The Clerk's Office started numbering new filings at ECF No. 1 when it began electronic docketing in this matter. Accordingly, the Court utilizes the entry numbers assigned to all electronically filed documents by the CM/ECF docketing system, and the entry numbers assigned to all paper documents by the paper docket report, even if used more than once.

2

28 U.S.C. § 2255. (ECF No. 11, at 2.) The Court concluded that it lacked jurisdiction to consider the Motion because it was an unauthorized second or successive § 2255 motion. (Id. at 3.)

Thereafter, Speight sought permission from the Fourth Circuit to file a successive § 2255 motion based upon the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On June 29, 2016, the Fourth Circuit granted Speight authorization to file this successive § 2255 motion. (See ECF No. 18, at 1.)

## II. ANALYSIS

### A. Speight Fails To Satisfy The Standard For Successive § 2255 Motions

The Fourth Circuit granted Speight pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Speight must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In his § 2255 Motion, Speight raises entitlement to relief based upon the following claim:

> Claim One: "In light of Johnson v. United States, [135 S. Ct. 2551 (2015),] my convictions for my [§] 924(c) are now unconstitutional." (§ 2255 Mot. 5.)

The Fourth Circuit's determination that Speight satisfies § 2255(h) "is 'tentative in the following sense: the district

3

court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" McLeod v. Peguese, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting Bennett v. United States, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine Speight's claim and dismiss it, if the Court finds that it is barred under § 2255(h). See United States v. MacDonald, 641 F.3d 596, 604 (4th Cir. 2011) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

To satisfy 28 U.S.C § 2255(h)(2), Speight must demonstrate: (1) the rule announced in Johnson constitutes a new rule of constitutional law that was previously unavailable; and (2) the Supreme Court has made the rule announced in Johnson retroactive to cases on collateral review. As explained below, Speight fails to satisfy either requirement because the Supreme Court has neither extended the rule in Johnson to use of a firearm during a felony, nor made such an extension retroactive.

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[3] In Welch v. United States,

---

[3] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous

4

136 S. Ct. 1257 (2016), the Supreme Court held that "<u>Johnson</u> announced a substantive rule of law that has retroactive effect in cases on collateral review." <u>Id</u>. at 1268. Here, Speight was never subject to a sentence enhancement under the ACCA. (See Pre-Sentence Investigation Report ("PSR") ¶ 21, ECF No. 14.) Rather, Speight seeks to extend <u>Johnson</u> to invalidate his convictions and sentence under 18 U.S.C. § 924(c)(1), which, at the time of Speight's crimes, provided that:

> Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . .

18 U.S.C. § 924(c)(1) (1990). Under this section, a "crime of violence" was defined as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

> convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" <u>Johnson</u>, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

5

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

The Supreme Court has not yet extended the decision in Johnson to § 924(c)(3)(B), the "residual clause" of this subsection. Thus, Speight's attempt to utilize Johnson as a means around the procedural roadblock of § 2255(h)(2) fails. Contrary to Speight's suggestion, Johnson's holding applies to individuals sentenced pursuant to ACCA, not to individuals who were convicted under 18 U.S.C. § 924(c)(1). Cf. United States v. Brown, 868 F.3d 297, 302-03 (4th Cir. 2017) (explaining that "Johnson only recognized that ACCA's residual clause was unconstitutionally vague" and "Johnson [does] not automatically apply to all similarly worded residual clauses"). Accordingly, because Johnson fails to extend to Speight's convictions and sentence under § 924(c)(1), he fails to satisfy the requirements of § 2255(h)(2). Thus, Speight's § 2255 Motion is an improper, successive motion under § 2255(h)(2).

B. **Speight's Challenge Lacks Merit**

Even if Speight's § 2255 was not barred as an improper, successive motion, Johnson would not entitle him to his desired relief. Speight's convictions under 18 U.S.C. § 924(c)(1) were predicated on charges of armed bank robbery. The Fourth Circuit has held that bank robbery under 18 U.S.C. § 2113(a) squarely

constitutes a crime of violence under the force clause, § 924(c)(3)(A). See United States v. McNeal, 818 F.3d 141, 153 (4th Cir.), cert. denied, 137 S. Ct. 164 (2016). Thus, Speight's convictions of armed bank robbery qualified as predicates for purposes of § 924(c)(1) under the force clause, not the residual clause. Johnson, therefore, does not provide Speight with the relief he seeks. Accordingly, Speight's claim is also meritless.

### III. CONCLUSION

For the foregoing reasons, Speight's § 2255 Motion (ECF No. 16) will be dismissed as barred by 28 U.S.C. § 2255(h)(2) and for lack of merit. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Speight and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 6, 2017

7